1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEPHANIE WILSON,<br><br>           Plaintiff,<br><br>      v.<br><br>SUNTRUST MORTGAGE, INC., AND NORTHWEST TRUSTEE SERVICES, INC.,<br><br>           Defendants. | No. C13-728 RSM<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff Stephanie Wilson's motion for a temporary restraining order. Dkt. # 7. Plaintiff brought suit in King County Superior Court to restrain a trustee's foreclosure sale of her home located at 922 7th St. SE. Auburn, WA 98002. On April 24, 2013, Defendant SunTrust Mortgage Inc. ("SunTrust") removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 1446. Dkt. # 1. Defendant also filed a response to Plaintiff's motion for a temporary restraining order. Dkt. # 9.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This Court must *sua*

TEMPORARY RESTRAINING ORDER - 1

*sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . "). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.,* 316 F. 3d 822, 826 (9th Cir. 2002); *citing* Fed. R. Civ. Proc. 12(h)(3).

Plaintiffs' Complaint names Northwest Trustee Services ("NTS"), a Washington Corporation, as a defendant in this action. Defendant Suntrust asserts in the Notice of Removal that NTS is a "nominal defendant" and should be disregarded for the purpose of establishing diversity jurisdiction. Dkt. # 1, p. 3. The parties are ORDERED TO SHOW CAUSE by May 2, 2013, as to whether NTS's position in this action deprives this Court of subject matter jurisdiction. The Court shall then consider the parties' memoranda to resolve whether federal jurisdiction is proper. The Court GRANTS Plaintiff's motion for a temporary restraining order to maintain the status quo until the Court issues either (1) an order finding subject matter jurisdiction proper, or (2) an order of remand.

HAVING reviewed the Plaintiff's Motion for Temporary Restraining Order, Declaration of Andrew M. Weinberg in support of Plaintiff's Motion for Temporary Restraining Order, and Defendants' Response and supporting exhibits thereto, the Court hereby FINDS and ORDERS:

(1) The parties are ORDERED TO SHOW CAUSE as described above;

(2) Plaintiff's Motion for Temporary Restraining Order (Dkt. # 7) is GRANTED until further Order of the Court;

(3) The Trustee's sale set for April 26, 2013, is hereby restrained;

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 26th day of April 2013.

                                                  RICARDO S. MARTINEZ
                                                  UNITED STATES DISTRICT JUDGE